UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MARY J. SWANEY, <br> Social Security No. XXX-XX-0991, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of the Social <br> Security Administration, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 4:14-cv-11-TWP-WGH |

**REPORT AND RECOMMENDATION ON
APPROPRIATE DISPOSITION OF THE ACTION**

This action is before me, William G. Hussmann, Jr., United States Magistrate Judge, pursuant to District Judge Tanya Walton Pratt's Order referring this matter for a report and recommendation entered December 12, 2014. (Dkt. 24.) After reviewing the parties' briefs in this matter (Dkts. 17, 22, 23), I recommend that the Commissioner's Decision be affirmed.

The Plaintiff, Mary J. Swaney, was born in 1965, has a ninth grade education, and does not have a GED. She has worked as a prep cook, a convenience store cashier, and a dietary aide. She has a number of physical and mental impairments which have caused the ALJ to restrict her to a limited range of sedentary occupations. None of those facts are in dispute.

The sole issue raised by Ms. Swaney is whether at Step 5 there exists a significant number of jobs which she could perform.

The vocational expert found that Ms. Swaney could do the following occupations which exist in the following numbers in Indiana:

(1) polishing machine operator – 350 positions;

(2) sorting machine operator – 200 positions;

(3) wire insulator – 50 positions;

(4) rotor assembler – 75 positions;

(5) frame assembler – 60 positions;

(6) sprayer assembler – 45 positions.

(R. 60-61.)

Ms. Swaney argues that at Step 5 the Commissioner has the burden of proving the existence of work which exists in the national economy and that the facts do not support that conclusion in this case.

The Social Security Act defines work which exists in the national economy as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). The Commissioner's regulations also state that the Social Security Administration considers "that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country." 20 C.F.R. § 404.1566(a).

Ms. Swaney argues that in this case the vocational expert provided job numbers for the region where Plaintiff lives (i.e., the State of Indiana) but did

2

not provide job numbers for any other region of the United States. Ms. Swaney argues that the numbers in the State of Indiana are not significant and that the failure to provide job numbers for any other region of the United States fails to meet the appropriate test required by the statute and regulations.

A review of the vocational expert's testimony shows that, in addition to testifying about the number of jobs available in the State of Indiana, the vocational expert also testified to the number of each such job "nationally" (polishing machine operator/62,000 "nationally," sorting machine operator/45,000 "nationally," wire insulator/14,000 "nationally," rotor assembler/9,000 "nationally," etc.). (R. 61-62.)

From the ALJ's reference to the VE's testimony (". . . unskilled sedentary occupations in the State of Indiana and nationally" (R. 27)), I can trace the path of the ALJ's reasoning that there are a sufficient number of jobs in the national economy which Plaintiff can perform.

Therefore, while the opinion could have been written in a slightly clearer manner on this particular issue, such shortcoming is not grounds for reversal.

## Conclusion

For the foregoing reasons, I **RECOMMEND** that the Court affirm the ALJ's decision.

Any objections to this Report and Recommendation must be filed with the Clerk in accordance with 28 U.S.C. §636(b)(1). Failure to file timely

objections within fourteen (14) days after service will constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED** the 4th day of March, 2015.

*[signature]*
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**