# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| MARY J. SWANEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-cv-00011-TWP-WGH ) |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff Mary Swaney ("Ms. Swaney") appeals the Administrative Law Judge's decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Magistrate Judge, who submitted his Report and Recommendation on March 4, 2015, recommending that the decision of the Commissioner be affirmed ([Filing No. 25](#)). Ms. Swaney timely filed objections to the Magistrate Judge's Report and Recommendation ([Filing No. 26](#)), and the Commissioner filed a response to Ms. Swaney's objections ([Filing No. 28](#)). For the reasons set forth below, the Court **OVERRULES** Ms. Swaney's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, **AFFIRMING** the decision of the Commissioner.

## I. BACKGROUND

Ms. Swaney, was born in 1965, has a ninth grade education, and does not have a GED. She has worked as a prep cook, a convenience store cashier, and a dietary aide. She has a number of physical and mental impairments which have caused the administrative law judge ("ALJ") to restrict her to a limited range of sedentary occupations. During the hearing, the vocational expert

found that Ms. Swaney could do the following occupations: (1) polishing machine operator – 350 positions in Indiana and 62,000 nationally; (2) sorting machine operator – 200 positions in Indiana and 45,000 nationally; (3) wire insulator – 50 positions in Indiana and 14,000 nationally; (4) rotor assembler – 75 positions in Indiana and 9,000 nationally; (5) frame assembler – 60 positions in Indiana and 6,200 nationally; (6) sprayer assembler – 45 positions in Indiana and 3,750 nationally. None of those facts are in dispute.

## II. LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether

the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have not been raised by a party." *Sweet v. Colvin*, No. 1:12-cv-439-SEB-TAB, 2013 U.S. Dist. LEXIS 141893, at *3 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

### III. DISCUSSION

Ms. Swaney raises two objections to the Magistrate Judge's Report and Recommendation on whether Ms. Swaney can perform work that exists in the nationally economy: (1) the Magistrate Judge relies on the number of jobs available nationally rather than jobs available in any particular region; and (2) 780 jobs in the State of Indiana is not a significant number. The Court finds no reversible error on the basis of Ms. Swaney's objections.

**A.     Number of Jobs Available Nationally**

Ms. Swaney first argues that the Magistrate Judge relied on the number of jobs available nationally, which does not address the jobs available in a particular region. Further, Ms. Swaney states that the Report and Recommendation provided no evidence for the number of jobs that exist in regions other than Indiana. The Commissioner argues that a combination of 139,950 jobs in the national economy and 780 jobs available in the region supports that there are jobs available in significant numbers in several regions. Specifically, the Commissioner asserts that there is substantial evidence, rather than conclusive evidence, for a reasonable person to find that 139,950 jobs nationally show that more than 1,000 jobs are available in several regions of the country. Further, the Commissioner states that the six occupations that the vocational expert identified –

polishing machine operator, sorting machine operator, wire insulator, rotor assembler, frame assembler, and sprayer assembler – were not identified as jobs solely concentrated in particular regions that no more than 1,000 such jobs would be available in several regions. The Court agrees with the Commissioner.

Under the Act, "[a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2). The Act defines "work which exists in the national economy" as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id*. The Magistrate Judge's Report and Recommendation states that in addition to testifying about the number of jobs available in the State of Indiana, the vocational expert testified to the number of each such job nationally, and thus sufficient work for Ms. Swaney exists in the national economy. The Magistrate Judge did not err in his analysis despite not using the words "other regions." "The principal significance of the 'other regions' language in the statute is to prevent the Social Security Administration from denying benefits on the basis of 'isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the applicant] live[s].'" *Barrett v. Barnhart*, 368 F.3d 691, 692 (7th Cir. 2004) (*see* 20 C.F.R. § 404.1566(b)). Ms. Swaney raises no argument and nothing on the record indicates that the jobs cited by the vocational expert are only available in isolated or concentrated regions.

Ms. Swaney relies on *Schadenfroh v. Colvin*, 2014 U.S. Dist. LEXIS 42033, 1 (S.D. Ind. Feb. 28, 2014) as persuasive authority that the Act and 20 C.F.R. § 404.1566(a) clearly state that the significance of job numbers should be based on less than the national totals. Ms. Swaney's

argument is misplaced here. As addressed by the Commissioner, the court in *Schadenfroh* found significant defects in the vocational expert's testimony, which then resulted in only two jobs out of 242 in Indiana and 16,424 in the national economy for the claimant to perform. The question then became whether the numbers for those two jobs were "significant," and not whether the vocational expert erred in providing solely the number of jobs available nationally rather than providing the numbers for jobs in "several regions," as is presently the issue. *Id.* at 31. The court in *Schadenfroh* concluded that there were no significant numbers for those two jobs in the local economy or in several regions. Here, nothing on the record indicates that the total number of 139,950 national jobs for the six occupations is not available in several regions. The Court finds no reversible error on the basis of Ms. Swaney's objections.

**B.    Number of Jobs Available in Indiana**

Next, Ms. Swaney argues that 780 jobs in Indiana is not a significant number. To support her argument, she states that Indiana's estimated population for 2012, when her hearing was held, was 6,537,782, and that the non-farm employment in October 2012 was estimated at 2,941,900. ([Filing No. 17](), ECF p. 21.) The Commissioner argues that although there are cases where 780 jobs or less would not be significant, those cases involved significant considerations not present here. Further, the Commissioner states, and the Court agrees, that a small number of local jobs may nonetheless be significant if there are high numbers of the same job in the national economy. Previous cases have determined that as many as 1,000 jobs and as few as 174 jobs were each significant numbers. *See Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009).

Ms. Swaney's argument proposes that the Court should analyze the number of jobs available in Indiana in isolation. In *Isaacs v. Barnhart*, No. 4:05CV00185DFHWGH, 2006 WL 3240114, at *7 (S.D. Ind. Oct. 13, 2006), the court acknowledged that statutory standard and case

5

law indicate that the number of national positions and the number of local positions should not be viewed separately. "[T]he existence of local positions indicate that the national numbers provided are not all outside the region where [the claimant] lives. The existence of national jobs adds to the overall availability of the jobs even if all of them are not available in the region where [the claimant] lives." *Id*. Therefore, this objection is overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that there is no error in the Magistrate Judge's Report and Recommendation and therefore **OVERRULES** Ms. Swaney's objections ([Filing No. 26](#)). The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, **AFFIRMING** the Commissioner's decision ([Filing No. 25](#)).

**SO ORDERED.**

Date: 3/31/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov